a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ANDRE DEMERY (#126262), Petitioner | CIVIL ACTION NO. 5:17-CV-524-P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DARREL VANNOY, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a motion to stay the petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Petitioner Andre Demery ("Demery") (#126262). (Doc. 17). Demery is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Demery challenges his aggravated rape conviction in the 26th Judicial District Court, Webster Parish.

I. Background

Demery was convicted of aggravated rape and sentenced to the mandatory term of life imprisonment. See State v. Demery, 49,732 (La. App. 2 Cir. 5/20/15), 165 So. 3d 1175, 1176, writ denied, 2015-1072 (La. 10/17/16), 207 So. 3d 1067. On appeal, Demery argued the evidence was insufficient to convict him. Id. On May 20, 2015, the appellate court concluded that sufficient evidence was presented at trial to sustain Demery's conviction. See Demery, 165 So. 3d at 1179.

On May 28, 2015, Demery's attorney mailed a motion for extension of time in which to file Demery's writ application. (Doc. 1-3, pp. 1-3). The motion was granted.

(Doc. 10, p. 2). The Louisiana Supreme Court then denied Demery's writ application on October 17, 2016. See State v. Demery, 2015-1072 (La. 10/17/16), 207 So. 3d 1067.

After filing this § 2254 petition, Demery sought post-conviction relief in the trial court on the issue of prosecutorial misconduct. (Doc. 17). Specifically, Demery claims he filed an application for post-conviction relief on November 20, 2017. (Doc. 17, p. 1).

## II. Law and Analysis

Although Demery lists only one claim in his petition, it appears he wishes to raise both a sufficiency of the evidence claim, and a claim of prosecutorial misconduct. (Doc. 17). The prosecutorial misconduct claim is not exhausted, as it was only raised in state court after this petition was filed. Demery is now asking that his § 2254 petition be stayed pending exhaustion of his post-conviction application.

"Section 2254(b) requires that prisoners must ordinarily exhaust state court remedies before filing for federal habeas relief." Cullen v. Pinholster, 563 U.S. 170, 182 (2011); Rose v. Lundy, 455 U.S. 509, 519-20 (1982); Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998). The Supreme Court has consistently interpreted § 2254 to require a federal habeas petitioner to complete exhaustion before seeking federal relief in order to promote comity, finality, and federalism, by giving state courts the first opportunity to review the claim, and to correct any constitutional violation in the first instance. See Carey v. Saffold, 536 U.S. 214, 220 (2002) (quoting Williams v. Taylor, 529 U.S. 420, 436 (2000)); Jiminez v. Quarterman, 555 U.S. 113, 121 (2009). For this reason, the Supreme Court also provides that petitions containing

unexhausted claims and mixed petitions, containing both exhausted and unexhausted claims, be dismissed. See Pliler v. Ford, 542 U.S. 225, 233 (2004); Whitehead, 157 F.3d at 387.

A stay, as requested by Demery, is an extraordinary remedy that is available only in limited circumstances. A stay is appropriate only when there is "good cause" for the failure to exhaust. See Rhines v. Weber, 544 U.S. 269, 278 (2005). Demery has not alleged good cause for his failure to exhaust the prosecutorial misconduct claim. Therefore, Demery is not entitled to a stay under Rhines.

The Court will recommend dismissal of the entire petition without prejudice to Demery refiling once all claims are exhausted, unless Demery voluntarily dismisses or amends his complaint clearly indicating that he wishes to proceed with only the exhausted claim. Demery is cautioned that, should he proceed with only the exhausted claim, he may be precluded from bringing the second claim in the future, because a petitioner must obtain authorization from the appropriate court of appeals before filing a second or successive petition. See 28 U.S.C. §2244(b)(3)(A).

If the petition is dismissed without prejudice, and Demery properly exhausts the prosecutorial misconduct claim, Demery will still have time, albeit limited, within which to return to this Court and refile a § 2254 petition. Demery's conviction became final under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, on January 15, 2017, which is 90 days after the Louisiana Supreme Court denied writs. Tolling of the statute of limitations began on November 20, 2017, when Demery filed his application for post-conviction relief.

Thus, 309 days of the 365-day limitations period have expired. Demery would have to refile his § 2254 petition in this Court within 56 days of the Louisiana Supreme Court denying writs on his post-conviction claim(s) in order to avoid being time-barred.

Therefore, **IT IS ORDERED** that Demery's motion to stay (Doc. 17) is **DENIED**. **IT IS FURTHER ORDERED** that, within 30 days, Demery shall advise the Court whether he wishes to: (1) proceed with the one exhausted claim (sufficiency of the evidence), possibly foregoing any other claims due to the prohibition of filing second and successive petitions; or (2) dismiss the petition without prejudice to refiling once the post-conviction claim is fully exhausted, subject to the time limitations discussed herein. Alternatively, a report and recommendation will be issued recommending dismissal without prejudice.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this 6th day of February, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge